NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIKELL L. KIERSEY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7082

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4525, Judge John J. Farley, III.

---

Decided: June 11, 2012

---

MIKELL L. KIERSEY, of East Granby, Connecticut, pro se.

JEFFREY D. KLINGMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON,

Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC

————————————————

Before LINN, PLAGER, and DYK, *Circuit Judges*.

PER CURIAM.

Mikell L. Kiersey ("Kiersey") appeals from a judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") sustaining a decision of the Board of Veterans' Appeals ("the Board"). The Board denied Kiersey's claims for earlier effective dates of service connection for lumbosacral disk disease, gastritis, and post-traumatic stress disorder ("PTSD"). *Kiersey v. Shinseki*, No. 09-4525, 2011 WL 5921543 (Vet. App. Nov. 29, 2011). Because the Veterans Court did not commit legal error in determining that there was no clear and unmistakable error ("CUE") in previous regional office ("RO") decisions denying service connection, we *affirm*.

BACKGROUND

Kiersey served on active duty in the U.S. Air Force from June 1971 to December 1974. His service medical records ("SMRs") showed complaints of abdominal pain, gastritis, and low back pain. The SMRs also showed that he was assessed with a personality disorder in June 1974. Kiersey's separation examination in December 1974 reflected complaints of depression, excessive worry, and nervous troubles, as well as diagnoses of acute gastritis and lumbosacral strain.

At various times beginning in 1975, Kiersey sought service connection for low back disability, gastritis, and

PTSD. His claims were rejected by the RO in several decisions, which were not appealed and became final. *See* 38 U.S.C. § 7105(c). However, in December 2007, based on new and material evidence, the RO granted Kiersey service connection for PTSD, effective February 28, 2006, and for gastritis and lumbosacral disc disease, effective July 7, 2006. Kiersey challenged the December 2007 RO decision for the failure to grant earlier effective dates for his service-connected claims. In April 2008, the RO denied his claims for earlier effective dates. Kiersey appealed the April 2008 RO decision to the Board, alleging CUE in, inter alia, the September 1978 and September 1985 RO decisions. After holding a hearing, the Board found no CUE in the previous RO decisions and denied earlier effective dates for the grant of service connection for low back disability, gastritis, and PTSD. Kiersey appealed the Board's decision to the Veterans Court. The Veterans Court sustained the Board's decision. Kiersey timely appealed to this Court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

DISCUSSION

Under 38 U.S.C. § 7292(a), we have appellate jurisdiction "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." In reviewing a Veterans Court decision, we must decide "all relevant questions of law . . . [and] shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that . . . [we] find[] to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right;

or (D) without observance of procedure required by law." *Id.* § 7292(d)(1).

An RO decision that has become final generally may not be reversed or amended in the absence of CUE. *See* 38 U.S.C. § 5109A. To establish CUE, a claimant must show (1) that either the facts known at the time were not before the adjudicator or that the law then in effect was incorrectly applied, and (2) that had the error not been made the outcome would have been manifestly different. *See Cushman v. Shinseki*, 576 F.3d 1290, 1301 (Fed. Cir. 2009); *see also Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002). A determination that there is CUE must be based upon the record and the law that existed at the time of the prior adjudication in question. *Cook*, 318 F.3d at 1343; *Guillory v. Shinseki*, 669 F.3d 1314, 1319 (Fed. Cir. 2012).

Kiersey contends that an RO decision in September 1978 denying service connection for low back disability and gastritis contained CUE. The Veterans Court in this case found that pursuant to the regulations extant at the time of the decision, 38 C.F.R. §§ 3.158(b), 3.329 (1978), the RO correctly determined that Kiersey had abandoned his claim for service connection when he failed to report for the scheduled examination. *Kiersey*, 2011 WL 5921543, at *4-5. It also found that to the extent there was evidence of record independent of the requested physical examination that demonstrated gastritis, Kiersey's challenge involved the re-weighing of the facts before the RO, which is insufficient to establish CUE. *Id.* at *5.

The Veterans Court did not err in concluding that there was no CUE in the September 1978 RO decision. Under the regulations in place in 1978, "[e]very person applying for or in receipt of compensation or pension shall submit to examinations . . . when required by the Veter-

ans Administration." 38 C.F.R. § 3.329 (1978). Section 3.158(b) provided that "[w]here the veteran fails without adequate reason to respond to an order to report for Veterans Administration examination within 1 year from the date of request and payments have been discontinued, the claim for such benefits will be considered abandoned." 38 C.F.R. § 3.158(b) (1978). Kiersey argues that section 3.158(b) does not apply to his situation because he was not in receipt of any VA payments in 1978, and thus he does not meet the condition that "payments have been discontinued" for the claim to be considered abandoned. The VA, however, has interpreted section 3.158(b) to apply in situations such as the present one, *see* VA Adjudication Procedures Manual Rewrite M21–1MR, Part IV, Subpart ii, Chapter 3, Section B, 3-B-14, and the VA's interpretation of its own regulation is due substantial deference. *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994); *Smith v. Shinseki*, 647 F.3d 1380, 1384-85 (Fed. Cir. 2011). We do not find the agency's interpretation to be "plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); *see also Smith*, 647 F.3d at 1384-85 (holding that a VA interpretation in the Adjudication Procedures Manual was "controlling" because it was not plainly erroneous or inconsistent with the regulation).

Kiersey also contends that a later 1985 RO decision denying service connection for low back disability, gastritis, and PTSD contained CUE. The Veterans Court agreed with the Board that Kiersey had not submitted sufficient medical nexus evidence of a relationship between his low back and gastritis disabilities and his service, and thus it could not be said that he had established entitlement to service connection as required to find CUE. *Kiersey*, 2011 WL 5921543, at *6. The Veter-

ans Court also found that the evidence submitted by Kiersey with respect to PTSD, including the assessment of a personality disorder in 1974 and the statements in his separation examination with respect to depression, worry, and nervousness, were insufficient to establish a diagnosis of PTSD, which was a necessary element for the grant of service connection under the extant law. *Id.*

With respect to the denial of service connection for low back disability and gastritis, although Kiersey may have submitted some evidence that these conditions existed prior to 1985, Kiersey's appeal seeks to reweigh the evidence of service connection that existed in 1985, which is impermissible in a CUE claim. It is also an issue outside of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *Kent v. Principi*, 389 F.3d 1380, 1384 (Fed. Cir. 2004).

With respect to his claim for PTSD, Kiersey argues that he was diagnosed with PTSD prior to February 28, 2006, and thus it was CUE to not establish an earlier effective date. Specifically, he alleges that he had a diagnosis of PTSD on February 16, 1995. CUE must be established based on the record before the RO at the time of its decision. *Cook*, 318 F.3d at 1343. Because this diagnosis occurred, if at all, after the September 1985 RO decision, it is not relevant to determining whether there was CUE in that decision. Under applicable regulations in 1978, service connection could only be granted where a disease had been diagnosed. *See* 38 C.F.R. § 3.303(d). Kiersey does not claim that such diagnosis existed prior to 1985, and the question whether such a diagnosis existed is an issue outside our jurisdiction.

Kiersey also submits that he sought to reopen his claim for service connection for PTSD on December 7, 1998, thus establishing an earlier effective date for his service connected PTSD. The appeal to the Board in the

present case addressed only CUE in the 1978 and 1985 RO decisions. The argument that a request to reopen this claim in 1998 established an earlier effective date cannot first be raised on appeal to this court.

COSTS

No costs.