NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**STEVEN M. SUCHER,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee.*

2013-7001

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1451, Judge Mary J. Schoelen.

Decided: June 10, 2013

STEVEN S. SUCHER, of Boynton Beach, Florida, pro se.

DANIEL G. KIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and CHRISTINA L. GREGG, Attorney, Office of

General Counsel, United States Department of Veterans Affairs, of Washington, DC.

------

Before DYK, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

Steven M. Sucher appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board"). *See Sucher v. Shinseki*, No. 11-1451 (Vet. App. July 9, 2012). The Board denied an earlier effective date for Sucher's disability compensation for anxiety and mood disorders. We *affirm*.

BACKGROUND

Sucher served on active duty in the U.S. Army from June 1966 to November 1970. In November 1970, he filed a disability claim for various ailments, including a "nervous condition." *Sucher*, No. 11-1451, slip op. at 2 (Vet. App. July 9, 2012). The Department of Veterans Affairs regional office ("RO") denied Sucher's claim in January 1971 because he did not report for a scheduled medical examination. In February 1987, Sucher filed another disability claim, seeking benefits for, inter alia, a "nervous problem," a head injury, and posttraumatic stress disorder ("PTSD"). *Id.* The VA examined Sucher in April 1987 and diagnosed him with schizophrenia (apparently viewed as the claimed nervous problem), but found no PTSD. The VA apparently did not take further action on Sucher's claim for over a decade. On November 29, 1999, the RO ultimately granted service connection for the head injury, but denied service connection for schizophrenia. The decision did not address PTSD. Sucher filed a notice of disagreement ("NOD"), asserting that he developed an "anxiety disorder" in service, but the RO issued a statement of the case that continued to deny his claims. *Id.*

Sucher filed an untimely appeal. In July 2001, the RO reopened Sucher's claims in light of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096. In a March 14, 2002, decision, however, the RO denied service connection for both schizophrenia and PTSD, finding no evidence that his schizophrenia was related to his military service and noting that he had not been diagnosed with PTSD. Sucher apparently did not file a NOD.

On January 24, 2007, Sucher filed a claim seeking compensation for depression and headaches related to his service-connected head injury. He was examined in May 2007 and diagnosed with anxiety and mood disorders. In June 2007, the RO granted disability compensation for Sucher's anxiety and mood disorders, effective January 24, 2007. Sucher requested an earlier effective date. He argued that his 1970 claim for a "nervous condition" was improperly denied without a medical examination. In the alternative, he argued that his 1987 claim never became final because the Board never addressed his untimely appeal from the November 1999 RO decision. The RO denied an earlier effective date, and Sucher appealed to the Board.

The Board concluded that Sucher's 1970 claim for a "nervous condition" was finally denied when he did not appeal from the RO's January 1971 decision denying service connection after Sucher failed to report to a scheduled examination. The Board further found that even if Sucher's 1987 claims for PTSD and schizophrenia were not finally decided in 1999 (because the RO did not specifically address PTSD or because the Board did not address the untimely appeal), they were denied in the March 2002 rating decision, which became final when Sucher did not file a NOD. It therefore affirmed the effective date of January 24, 2007. Sucher appealed to the Veterans Court. His appeal apparently challenged only the Board's conclusions regarding his 1987 claims.

The Veterans Court affirmed. It concluded that the RO's March 2002 decision "terminated the pending status of [Sucher's] 1987 claim," and that the decision became final because Sucher did not file a NOD with respect to it. *Sucher*, No. 11-1451, slip op. at 7–8 (Vet. App. July 9, 2012).

Sucher appeals. Our jurisdiction is pursuant to 38 U.S.C. § 7292.

DISCUSSION

We review the Veterans Court's legal determinations de novo. *Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed. Cir. 2002) (en banc), *superseded on other grounds by* Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402, 116 Stat. 2820, 2832; *King v. Shinseki*, 700 F.3d 1339, 1345 (Fed. Cir. 2012). Absent a constitutional issue, however, this court may not "review[] challenges to factual determinations or . . . to an application of law to fact." *King*, 700 F.3d at 1345–46.

Sucher appears to argue that the Veterans Court erred in affirming the VA's denial of an earlier effective date for his service-connected anxiety and mood disorders because the RO's denial of his 1987 claim for a psychiatric condition never became final. Sucher does not appear to assert that he filed an NOD with respect to the RO's March 14, 2002, decision denying service connection for a psychiatric condition. Under 38 C.F.R. § 20.302(a), "a claimant . . . must file a [NOD] with a determination by the [RO] within one year from the date that the [RO] mails notice of the determination to him or her. Otherwise, that determination will become final." 38 C.F.R. § 20.302(a). The Veterans Court therefore correctly determined that the RO's March 14, 2002, decision became final because Sucher did not file an NOD contesting it. Sucher cites statements in the Veterans Court's opinion criticizing the RO's long delay in processing his 1987 claim. However, the Veterans Court correctly explained

that the RO's eventual decision nevertheless became final after Sucher did not file a NOD. *See Sucher*, No. 11-1451, slip op. at 7–8 (Vet. App. July 9, 2012).

Sucher also appears to imply that the VA may have tampered with or mishandled documents pertinent to his claims. However, Sucher does not appear to have raised such a contention before the Veterans Court. Therefore, the issue is not properly before this court. *See Guillory v. Shinseki*, 669 F.3d 1314, 1319–20 (Fed. Cir. 2012).

Finally, Sucher appears to assert that the Board's findings of fact were erroneous. However, as discussed above, we may not review the Board's factual determinations. *King*, 700 F.3d at 1345–46. We have considered Sucher's other arguments and find them to be without merit.

## AFFIRMED

### COSTS

No costs.