NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILIP J. SEIFLEIN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1090

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6767, Senior Judge William P. Greene, Jr.

---

Decided:  August 8, 2025

---

PHILIP J. SEIFLEIN, Ventura, CA, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH; DEREK SCADDEN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, STOLL, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Philip J. Seiflein appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed a Board of Veterans' Appeals' ("Board") decision dismissing Mr. Seiflein's 2016 motion for revision. *Seiflein v. McDonough*, No. 21-6767, 2023 WL 6169073, at *1 (Vet. App. Sept. 22, 2023) ("*Decision*"), *appeal dismissed*, No. 24-1090, 2024 WL 49826 (Fed. Cir. Jan. 4, 2024), *opinion vacated, appeal reinstated*, No. 24-1090, 2024 WL 4820473 (Fed. Cir. Nov. 15, 2024). For the reasons discussed below, we *dismiss*.

## I. BACKGROUND

Mr. Seiflein served in the U.S. Air Force for 29 days from November 6 to December 4, 1968. *Decision* at *1; S. App'x 29.[1] In December 1968, Mr. Seiflein sought Department of Veterans Affairs' ("VA") benefits, and the Regional Office ("RO") denied his application in 1969. *Decision* at *1; S. App'x 29.

On January 30, 1995, Mr. Seiflein again applied for VA benefits, and the VA awarded him service connection for a psychiatric disability effective on that date. *Decision* at *1; S. App'x 36. Mr. Seiflein subsequently filed a Notice of Disagreement seeking an earlier effective date and eventually appealed to the Board. *Decision* at *1; S. App'x 30.

In November 2009, the Board denied Mr. Seiflein's claim for an earlier effective date for his service-connected psychiatric disability. *Decision* at *1; S. App'x 30. In light

---

[1]    We refer to the supplemental appendix filed with the government's informal response brief, ECF No. 38, as "S. App'x" throughout this opinion.

of that denial, Mr. Seiflein appealed to the Veterans Court, which affirmed the Board's decision on September 30, 2011. *Decision* at *1; S. App'x 33.

Mr. Seiflein subsequently filed a motion for revision in late 2016, arguing that the November 2009 Board decision contained clear and unmistakable error ("CUE") in denying his entitlement to an earlier effective date before January 30, 1995. *Decision* at *1; S. App'x 15.

In October 2021, the Board dismissed Mr. Seiflein's 2016 motion for revision and determined that "the November 2009 Board decision concerning entitlement to an earlier effective date was appealed to and affirmed by the [Veterans] Court in September 2011." S. App'x 15; *Decision* at *1. Consequently, the Board concluded that "the November 2009 Board decision was subsumed by the [Veterans] Court's September 2011" decision and was "not capable of revision on the basis of CUE." S. App'x 15–16; *Decision* at *1. The Veterans Court affirmed the Board's decision, concluding that "[t]he Board correctly determined that the September 2011 [Veterans] Court decision subsumed the November 2009 Board decision on this issue; therefore the November 2009 decision is no longer subject to revision on this issue." *Decision* at *2.

Mr. Seiflein timely appealed.

## II. DISCUSSION

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or

regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Seiflein argues that "[t]his case involves a series of procedural, medical, and administrative errors" that "justify a thorough de novo review of [his] case." Appellant's Br. 17–18.[2]  Specifically, Mr. Seiflein argues that the VA failed to medically diagnose, treat, and assist him, failed to review existing or new evidence, and misapplied the law. *Id.*  The government responds that Mr. Seiflein fails to raise any issues that fall within this court's jurisdiction. Appellee's Br. 7–12.  We agree with the government.

We lack jurisdiction over Mr. Seiflein's appeal because Mr. Seiflein does not allege that the Veterans Court misinterpreted any statute or regulation.  On appeal, Mr. Seiflein attempts to re-argue his underlying claim that there is CUE in the November 2009 Board decision but fails to point to any legal errors with respect to the relevant decision by the Veterans Court. *See* Appellant's Br. 6–18. His attempted re-argument amounts to "disagreements with how the facts were weighed or how the law was applied to the facts in this particular case, which we do not have jurisdiction to review." *Guillory v. Shinseki*, 669 F.3d 1314, 1320 (Fed. Cir. 2012); 38 U.S.C. § 7292(d)(2).  As Mr. Seiflein fails to allege any issues of statutory or regulatory interpretation, we lack jurisdiction over his appeal.

Mr. Seiflein also argues that he was denied "the right to be heard, and a fair trial, with <u>all</u> of the evidence," Appellant's Br. 5 (emphasis in original), and that "VA law requir[es] a sympathetic view to all veterans," and especially "towards . . . mentally afflicted veteran[s]." *Id.* (cleaned up); *see also* Appellant's Reply Br. 2 (arguing that veterans suffering from mental afflictions are "left without adequate representation or due process safeguards." (emphasis

---

[2]    We cite to the ECF page numbers.

omitted)). The government responds that "the Veterans Court did not decide any constitutional issues." Appellee's Br. 11. We agree with the government.

Despite Mr. Seiflein's arguments otherwise, the Veterans Court's decision does not address constitutional issues, as it merely rests on the application of settled law. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). Therefore, Mr. Seiflein's alleged constitutional challenge does not change the fact that we lack jurisdiction over his appeal.[3]

### III. CONCLUSION

We have considered Mr. Seiflein's remaining arguments and find that none of the arguments raises a non-frivolous issue over which we can assert jurisdiction.[4] For the foregoing reasons, we *dismiss* for lack of jurisdiction.

---

[3]    Mr. Seiflein raises several other arguments including that the VA had "constructive possession of favorable evidence, lost and unanswered claims, [and] fail[ed] to waive CUE standards when requested." Appellant's Br. 11. Mr. Seiflein's remaining arguments are directed to questions of fact or the application of law to fact, which we do not have jurisdiction to review. *Guillory*, 669 F.3d at 1320; 38 U.S.C. § 7292(d)(2).

[4]    Mr. Seiflein filed a "petition for writ of protection." *See* ECF No. 45. Subsequently, Mr. Seiflein moved to withdraw the petition for writ of protection and asks this court to "take judicial notice of the circumstances surrounding the filing of the [w]rit of [p]rotection and all supporting evidence." ECF No. 46 at 2. Upon consideration, the motion at ECF No. 46 is granted with respect to withdrawal of the petition for writ of protection and is otherwise denied.

6                                         SEIFLEIN v. COLLINS

**DISMISSED**

Costs

No costs.