NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOE PENA,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2026-1361

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2579, Judge Margaret C. Bartley.

---

Decided:  June 11, 2026

---

JOE PENA, San Antonio, TX, pro se.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE; CHRISTOPHER O. ADELOYE, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Joe Pena appeals from a decision of the United States Court of Appeals for Veterans Claims (1) affirming a decision of the Board of Veterans' Appeals, which denied entitlement to a higher initial disability evaluation, and (2) rejecting Mr. Pena's other arguments, including his request to have the Veterans Court strike the Secretary of Veterans Affairs' response brief and enter judgment in his favor. Because Mr. Pena's challenges are outside the scope of our jurisdiction, we dismiss.

BACKGROUND

The procedural history of the disability benefits claim at issue is lengthy and involves multiple previous appeals to the Board and the Veterans Court. Relevant to this appeal, Mr. Pena appealed an April 2, 2024 Board decision denying a higher disability rating to the Veterans Court. On the day the Secretary's response brief was due, the Secretary moved for a 45-day extension of time based on current deadlines and workload considerations. That same day, the Clerk of the Court granted the Secretary's motion. However, Mr. Pena timely opposed the Secretary's motion three days later, and the Clerk subsequently revoked the government's extension of time and forwarded the motion and opposition to the Veterans Court for consideration. The Veterans Court granted the extension for good cause shown, extending the Secretary's deadline to November 4, 2024. Without the Chief Judge of the Veterans Court certifying an interlocutory order for appeal under 38 U.S.C. § 7292(b)(1), Mr. Pena appealed the Veterans Court's order granting the extension of time. We dismissed the appeal for lack of jurisdiction. *Pena v. Collins*, No. 2025-1092, 2025 WL 635448, at *1 (Fed. Cir. Feb. 27, 2025).

After the case returned to the Veterans Court, the court discovered that the Secretary had failed to file his response. Because the Veterans Court did not stay the case pending Mr. Pena's appeal to this court, the Veterans

Court deemed the Secretary's response overdue and ordered the Secretary to file his brief within ten days. Mr. Pena sent the Veterans Court correspondence asserting that the Secretary's response was filed late and requesting that the Veterans Court enter judgment in Mr. Pena's favor. However, the Veterans Court determined that Mr. Pena's correspondence did not comply with the Veterans Court's Rules of Practice and Procedure and did not clearly move the Veterans Court to reconsider, vacate, or modify the order for the Secretary to file his response within ten days. The Secretary complied with the order, and the Veterans Court subsequently affirmed the Board's decision on November 20, 2025. *Pena v. Collins*, No. 24-2579, 2025 WL 3471313, at *3–4 (Vet. App. Nov. 20, 2025).

Mr. Pena appeals.

### DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We lack jurisdiction over Mr. Pena's appeal because he fails to challenge any particular aspect of the Veterans Court's decision based on the validity or interpretation of any statute or regulation. Instead, Mr. Pena asserts that the Veterans Court acted contrary to its own Rules of Practice and Procedure and 38 U.S.C. § 7261 in allowing the Secretary an additional ten days to file his response rather than immediately entering judgment in Mr. Pena's favor. Appellant's Inf. Br. 1–2. In addition, Mr. Pena appears to

re-argue his underlying claim that there is clear and unmistakable error in earlier rating decisions but fails to point to any legal errors with respect to the relevant decision by the Veterans Court. Appellant's Inf. Br. 3. Mr. Pena's arguments, ultimately, relate to the Veterans Court's discretion in enforcing procedure and "disagreements with how the facts were weighed or how the law was applied to the facts in this particular case, which we do not have jurisdiction to review." *Guillory v. Shinseki*, 669 F.3d 1314, 1320 (Fed. Cir. 2012) (citing 38 U.S.C. § 7292(d)(2)); *see Checo v. Shinseki*, 748 F.3d 1373, 1377 (Fed. Cir. 2014) (recognizing "the Veterans Court['s] broad discretion to prescribe, interpret, and apply its own rules"). As Mr. Pena fails to allege any issues of statutory or regulatory interpretation, we lack jurisdiction over his appeal.

Although Mr. Pena also appears to argue that the Veterans Court decided a constitutional issue, Appellant's Inf. Br. 2, "he has simply put a 'due process' label on his contention" such that "his claim is constitutional in name only." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Therefore, Mr. Pena's unsupported allegations are insufficient to raise a non-frivolous constitutional issue, and we lack jurisdiction. *Id.* ("[The] characterization of [a] question as constitutional in nature does not confer upon [this court] jurisdiction that we otherwise lack.").

## CONCLUSION

We have considered Mr. Pena's remaining arguments and find them unpersuasive. Accordingly, we dismiss Mr. Pena's appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.