60 F.3d 843
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Hector CAMARENA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7102.
 United States Court of Appeals, Federal Circuit.
 July 7, 1995.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hector Camarena (Camarena) appeals the decision of the United States Court of Veterans Appeals affirming the Board of Veterans Appeals (Board) decision holding that Camarena is not a "veteran" within the meaning of 38 U.S.C. Sec. 101(2) (1988) because he was separated from service with an "other than honorable conditions" discharge under 38 C.F.R. 3.12(d) (1993) based on the Board's determination that Camarena's actions constituted willful and persistent misconduct. Camarena v. Brown, 6 Vet.App. 565 (1994).
 
 
 2
 We have authority to review the Court of Veterans Appeals' interpretation of a statutory provision or regulation. The standard of review of such an interpretation is de novo. 38 U.S.C. Secs. 7292(c), (d) (Supp.IV 1992); Jensen v. Brown, 19 F.3d 1413, 1415 (Fed.Cir.1994). Having applied that standard of review, we conclude that the Court of Veterans Appeals correctly construed the law governing "veteran" status pursuant to 38 U.S.C. Sec. 101(2) and 38 C.F.R. Sec. 3.12(d). Therefore, we affirm on the basis of the opinion of the Court of Veterans Appeals, a copy of which is attached as an Appendix.
 
 AFFIRMED
 APPENDIX
 Designated for publication
 UNITED STATES COURT OF VETERANS APPEALS
 No. 93-363
 
 3
 Hector Camarena, Appellant,
 
 
 4
 v.
 
 
 5
 Jesse Brown, Secretary of Veterans Affairs, Appellee.
 
 On Appellant's Motion for Review
 July 22, 1994
 
 6
 Gerald D. McDougall was on the pleading, for appellant.
 
 
 7
 Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., were on the brief, for appellee.
 
 
 8
 Before KRAMER, FARLEY, and HOLDAWAY, Judges.
 
 HOLDAWAY, Judge:
 
 9
 On February 18, 1994, appellant, Hector Camarena, filed a motion for review of this Court's memorandum decision in this matter dated February 4, 1994. In the January 1993 Board of Veterans' Appeals (BVA or Board) decision under appeal, the Board determined that appellant was separated from service in March 1976 with an "other than honorable conditions" discharge, based on the Board's determination that appellant's actions constituted willful and persistent misconduct. The character of his discharge bars appellant from basic eligibility for VA benefits pursuant to 38 C.F.R. Sec. 3.12(d) (1993).
 
 
 10
 On February 4, 1994, the Court, by single judge decision, summarily affirmed the Board's decision, citing this Court's opinion in Rogers v. Derwinski, 2 Vet.App. 419 (1992). Pursuant to appellant's motion for review, the Court ordered the Secretary to file a supplemental brief regarding the validity of 38 C.F.R. Sec. 3.12(d), and whether this regulation violates the plain language of 38 U.S.C. Sec. 101(2) and is inconsistent with congressional intent. Appellant was invited to file a reply brief, but declined to do so.
 
 
 11
 For the following reasons, the Court holds that 38 C.F.R. Sec. 3.12(d) is a valid regulation and is consistent with 38 U.S.C. Sec. 101(2). The decision of the Board will be affirmed.
 
 BACKGROUND
 
 12
 The issue presented in this appeal is whether the appellant is a "veteran" within the meaning of 38 U.S.C. Sec. 101(2). Section 101(2) defines a veteran as "a person who served in the active military, naval, or air service and who was discharged or released therefrom under conditions other than dishonorable." The appellant did serve on active duty with the United States Army. However, during his service he was convicted by a summary court-martial for two offenses, received nonjudicial punishment under the Uniform Code of Military Justice (UCMJ) (10 U.S.C. Sec. 815) for another offense, and was ultimately expelled from the service as a consequence of a special court-martial that adjudged a bad conduct discharge for three other offenses. His subsequent efforts to have this discharge "upgraded" by application to the military have been turned down. Similarly, his efforts to obtain veterans benefits have been frustrated by the adjudicative determinations of the Department of Veterans Affairs which have denied him veteran status because of the statutory definition noted above and the regulation implementing that statute.
 
 
 13
 That regulation, 38 C.F.R. Sec. 3.12, provides, inter alia, that a discharge is considered to have been issued under dishonorable conditions if given for "[w]illful and persistent misconduct. This includes a discharge under other than honorable conditions, if issued ... because of [such] conduct." In short, the regulation does not limit "dishonorable conditions" to only those cases where a dishonorable discharge was adjudged.
 
 
 14
 As we understand appellant's argument, he contends that this regulation does not apply to him, or in the alternative, that if it does, such regulation is invalid because the plain language of the statute precludes veteran status only in cases where military service was terminated by a dishonorable discharge. To paraphrase the gist of his argument: He does not deny the persistent and willful misconduct, but he claims that since this conduct resulted in "only" a bad conduct discharge, the "conditions" of his termination were not dishonorable and he, by the plain language of the statute, must be afforded the status of a veteran. We reject appellant's argument and will affirm the BVA decision.
 
 ANALYSIS
 
 15
 We start out with the proposition that the Secretary has very broad powers to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and [which are] consistent with those laws." 38 U.S.C. Sec. 501(a); see Russell v. Principi, 3 Vet.App. 310, 313 (1992). Of course, if such regulations are contrary to the statute they are intended to implement, they must be found invalid. Gardner v. Derwinski, 1 Vet.App. 584 (1991).
 
 
 16
 The crux of this case is very simple. The regulation noted above is valid and potentially applicable to appellant (since he was a multiple offender with a discharge under less-than-honorable conditions) unless the statute required the Secretary to define "under conditions other than dishonorable" as automatically conferring veteran status on all individuals except those receiving a sentence of a dishonorable discharge. It is important to note in this connection that a dishonorable discharge is a term which applies only to sentences adjudged on enlisted personnel by a general court-martial. (See the UCMJ, 10 U.S.C. Sec. 801 et seq., Manual for Courts-Martial, United States, 1969 (Rev.), para. 126.) We first state the obvious. Had Congress meant to make the sentence of a general-court martial the defining, and only, "event" for precluding veteran status, it could easily have done so by simply and directly stating that a veteran is anyone other than a person who has received a sentence of dishonorable discharge under the UCMJ. They did not do so, but rather used the much more oblique phrase noted above. Moreover, there is simply nothing in this specific statute, nor in the overall statutory scheme encompassed by either title 38 of the U.S. Code (Veteran's Benefits) or title 10 (Armed Services), that would suggest that the definition of "veteran" was to be entirely removed from the rulemaking power of the Secretary of Veterans Affairs and given over to the unfettered, unguided, discretion of general courts-martial panels. It is clear to this Court, therefore, that the "plain meaning" doctrine avails appellant nothing in this case. See Gardner, 1 Vet.App. at 587-88 ("Where a statute's language is plain, and its meaning is clear, no room exists for statutory construction."))
 
 
 17
 Assuming, arguendo, that there is some ambiguity in the statute because of the obliquity of the statutory language used, the same result obtains. In deciding how to interpret or construe an ambiguous statute, courts often look to the preenactment history to determine the circumstances under which the enactment was passed and the problem it was intended to remedy. See, e.g., United States v. Hohri, 482 U.S. 64, 69 (1986); National Labor Relations Bd. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 179-80 (1967); Zemel v. Rusk, 381 U.S. 1 (1965). The legislative history of the enactment now before this Court shows clearly a congressional intent that if the discharge given was for conduct that was less than honorable, e.g., dismissal (for officers), bad conduct, undesirable, etc., even though the military had not elected to terminate service by a dishonorable discharge adjudged by a general court-martial, then the Secretary would nonetheless have the discretion to deny benefits in appropriate cases where he found the overall conditions of service had, in fact, been dishonorable. The regulation is, of course, the means of defining those conditions.
 
 
 18
 The current language of the statute derives from the Serviceman's Readjustment Act of 1944, Pub.L.No. 346, 58 Stat. 284-301 (1944). In this enactment, Congress liberalized the discharge eligibility requirement to give the VA greater discretion in determining whether an individual's discharge was issued under "dishonorable conditions." Up to that time only "honorable discharges" or their equivalent met requirements for "pension." The United States House of Representatives version of the 1944 enactment carried over the requirement for an honorable discharge, while the United States Senate version, which was adopted, used essentially the language before the Court in this case, "under conditions other than dishonorable." See S.Rep. No. 755, 78th Cong., 2d Sess. 15 (1944); H.R.Rep. No. 1624, 78th Cong., 2d Sess. 26 (1944), reprinted in 1944 U.S.C.C.A.N. 1142.
 
 
 19
 Senator Clark of Missouri, in submitting the Senate Finance Committee report during the Senate debate concerning section 1503 of S. 1767 (the bill which ultimately became the Readjustment Act), anticipated the very point argued by appellant in this case. Senator Clark stated that the Committee's intent:
 
 
 20
 ... was to amend that provision (the more restrictive House version) by using the words under other than dishonorable conditions. That does not say "with a dishonorable discharge." That means that under this provision the [VA], if a man's service has been dishonorable, if he has been convicted of larceny or any other crime ... the VA will have some discretion with respect to regarding the discharge as dishonorable.
 
 
 21
 90 Cong.Rec. 3076, 3077 (1944) (emphasis added). Congress clearly intended that the phrase "conditions other than dishonorable" was to include persons other than those receiving dishonorable discharges.
 
 
 22
 Whether a "plain meaning" or congressional intent analysis is used, it is abundantly clear that Congress did not say or intend to say that only those receiving "dishonorable discharges" would be denied veteran status. We find the regulation valid. The findings of fact by the Board applying the regulation to appellant are plausible. Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990). The motion for panel review of the single judge decision is granted. The single judge decision of February 4, 1994, is withdrawn. Upon review, for the reasons stated in this opinion, the Court finds the decision of the Board to be correct in fact and law.
 
 
 23
 The decision of the Board is AFFIRMED.