# United States Court of Appeals for the Federal Circuit

———————————

**LINDA D. GROUNDS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2022-1607

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3115, Judge William S. Greenberg.

———————————

Decided: July 14, 2023

———————————

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, STOLL, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

Linda D. Grounds, the widow of John D. Grounds, appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court"), affirming a decision of the Board of Veterans' Appeals ("Board") finding Mr. Grounds ineligible for veterans benefits. We affirm.

I

Mr. Grounds served in the Army from May 1969 to November 1972. In October 1972, he was charged with being absent without leave ("AWOL") during the periods of April 26 to May 31, 1972, June 13 to August 31, 1972, and September 8 to October 2, 1972. To avoid a trial by court-martial for these AWOL offenses, Mr. Grounds requested to be discharged from the Army "for the good of the service." J.A. 31-32. He explained that his military service was causing marital and financial problems and, if he were to remain in the Army, he would continue going AWOL. His commanding officers recommended that Mr. Grounds' discharge request be granted, because any resulting punishment was "expected to have minimal rehabilitative effect" and would provide no benefit to the Army. J.A. 35. On November 1, 1972, Mr. Grounds was discharged "[f]or the good of the [s]ervice" and "[u]nder conditions other than [h]onorable." J.A. 36.

In December 2013, Mr. Grounds filed an application for veterans benefits. In November 2014, a Veterans Affairs ("VA") Regional Office ("RO") issued a decision finding his multiple periods of AWOL constituted "willful and persistent misconduct," rendering him ineligible for benefits under 38 C.F.R. § 3.12(d)(4). Mr. Grounds filed a Notice of Disagreement in October 2015, challenging the RO's decision. After Mr. Grounds passed away in June 2016, Mrs. Grounds was substituted for him.

In January 2020, the Board issued a decision agreeing with the RO that Mr. Grounds' multiple periods of AWOL constituted "a pattern of willful and persistent misconduct." J.A. 65 (reasoning Mr. Grounds "exhibited multiple willful actions that led to the charges against him, including willfully absenting himself from his military unit without authority . . . even after receiving nonjudicial punishment for his first AWOL offense"). Thus, the Board concluded, his discharge was considered "dishonorable" for VA benefits purposes, rendering him ineligible for such benefits.

Mrs. Grounds appealed the Board's decision to the Veterans Court, arguing that "38 U.S.C. § 5303(a) controls as a matter of law and cannot be superseded by the provisions of 38 C.F.R. § 3.12(d)(4)." J.A. 8. Section 5303(a) provides that a veteran is not eligible for benefits if he was "discharge[d] or dismiss[ed] by reason of the sentence of a general court-martial . . . on the basis of an absence without authority from active duty for a continuous period of at least one hundred and eighty days . . . ." Relying on our decision in *Garvey v. Wilkie*, 972 F.3d 1333, 1334 (Fed. Cir. 2020), the Veterans Court rejected Mrs. Grounds' argument. Instead, as the Veterans Court explained, section 5303(a) "is not the exclusive test for benefits eligibility," adding that 38 C.F.R. § 3.12(d)(4) "is consistent with, and authorized by," statute. J.A. 8 (quoting *Garvey*, 972 F.3d at 1334). While Mr. Grounds' misconduct "do[es] not constitute a *statutory bar* to VA benefits under section 5303," nevertheless "the Board did not clearly err in finding that the veteran's multiple periods of AWOL constituted a *regulatory bar* to VA benefits under 38 C.F.R. § 3.12(d)([4]) . . . ."[1] J.A. 8-9 (emphasis added). Thus, the Veterans Court affirmed the Board's decision.

---

[1]    In some parts of its opinion, the Veterans Court refers to 38 C.F.R. § 3.12(d)(2), which pertains to "[m]utiny

Mrs. Grounds appeals the decision of the Veterans Court.

## II

We have exclusive, but limited, jurisdiction to review decisions of the Veterans Court. *See* 38 U.S.C. § 7292(c); *Sullivan v. McDonald*, 815 F.3d 786, 788-89 (Fed. Cir. 2016). "We may review legal questions, including the validity of any statute or regulation or any interpretation thereof." *Sullivan*, 815 F.3d at 788-89. Such legal determinations are reviewed de novo. *See Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009). We may not, however, review (1) "a challenge to a factual determination" or (2) "a challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

## III

Mrs. Grounds principally argues that the Veterans Court misinterpreted 38 U.S.C. § 5303(a). According to Mrs. Grounds, section 5303(a) does not bar Mr. Grounds from receiving VA benefits because (1) he was never convicted for any AWOL offense and (2) his AWOL periods did not run 180 days or longer. Thus, Mrs. Grounds argues, the Veterans Court's finding that Mr. Grounds' AWOL offenses amounted to willful and persistent misconduct under section 3.12(d)(4) is inconsistent with section 5303(a).

We agree with Mrs. Grounds to the limited extent that section 5303(a) does not preclude Mr. Grounds from obtaining VA benefits. Mr. Grounds was not convicted by court martial – because his request to be discharged "for the good of the service" was granted instead – and he was not AWOL

---

or spying." These are clearly typographical errors. It is clear from the context that the Veterans Court is referring throughout to section 3.12(d)(4).

for a continuous period of at least 180 days.  Therefore, the statute, section 5303(a), does not prohibit Mr. Grounds from obtaining veterans benefits.

But these facts do not cause us to agree with Mrs. Grounds that we should reverse the Veterans Court, because section 5303(a) was not the basis for the denial of benefits to Mr. Grounds.  Instead, the Board's decision was grounded on, entirely appropriately, a regulation – specifically, section 3.12(d)(4).  As we held in *Garvey*, 972 F.3d at 1334, "[s]ection 5303 . . . is not the exclusive test for benefits eligibility."  There we further held, expressly, that section 3.12(d)(4) is a permissible additional prohibition on eligibility for benefits.  *See id.* at 1341.  Mrs. Grounds does not challenge the validity of section 3.12(d)(4), *see* Appellant's Brief at 5 ("Mrs. Grounds's appeal is not a challenge to the validity of the Secretary's regulation at 38 C.F.R. § 3.12(d)."); *see also* Oral Arg. at 13:7-14 ("I'm not challenging the validity of the regulation."), and we are bound to follow *Garvey*.  Accordingly, the Board did not err in finding Mr. Grounds ineligible for benefits pursuant to section 3.12(d)(4).

An additional reason Mr. Grounds is not eligible is that he does not meet the statutory definition of "veteran" for benefits purposes.  As we observed in *Garvey*, 972 F.3d at 1334, "[a] former servicemember is ineligible for benefits unless he or she is a 'veteran' as defined in 38 U.S.C. § 101(2)."  "To be a 'veteran' under section 101(2), a former servicemember must have been discharged 'under conditions other than dishonorable.'"  *Id.* (quoting 38 U.S.C. § 101(2)).  Mr. Grounds, however, was *not* discharged "under conditions other than dishonorable," because section 3.12(d)(4) provides that "[a] discharge or release because of . . . [w]illful and persistent misconduct" is a discharge under "dishonorable conditions."  *See also* J.A. 36 (showing Mr. Grounds being discharged "[u]nder conditions other than Honorable").

Finally, to the extent Mrs. Grounds is challenging the factual basis for Mr. Grounds' discharge – her counsel suggested at oral argument that the RO lacked a record sufficient to find that Mr. Grounds' discharge was actually due to his periods of AWOL, *see, e.g.*, Oral Arg. at 4:58-5:28 – we lack jurisdiction to review this factual finding. *See* 38 U.S.C. § 7292(d)(2); *see also* J.A. 8 (Veterans Court concluding Board's factual finding was not clearly erroneous).

## IV

We have considered Mrs. Grounds' remaining arguments and find they lack merit. Accordingly, the decision of the Veterans Court is affirmed.

### AFFIRMED

COSTS

No costs.