NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ORLANDO MUNOZ-PEREZ,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1485

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4507, Judge Coral Wong Pietsch.

---

Decided: May 10, 2017

---

ORLANDO MUNOZ-PEREZ, Carolina, PR, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA M. BURKE; BRIAN D. GRIFFIN, CHRISTOPHER O. ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Orlando Munoz-Perez asked the Board of Veterans' Appeals to reopen two earlier final Board decisions regarding his claims for certain benefits available to qualifying veterans under Title 38 of the United States Code. The Board concluded that the earlier decisions did not contain clear and unmistakable error. The United States Court of Appeals for Veterans Claims affirmed the Board. Mr. Munoz-Perez appeals to us, but we must dismiss his appeal for lack of jurisdiction.

I

Mr. Munoz-Perez enlisted in the United States Army in 1972, and he served on active duty from March to September of that year. After repeated instances of absence without leave, and after court-martial charges were brought against him, Mr. Munoz-Perez requested to be discharged "under conditions other than honorable," and he was then discharged on September 29, 1972. Appellee's App. 47–48. The discharge allowed him to avoid a trial by a general court-martial and is deemed by regulation to be a discharge under dishonorable conditions. 38 C.F.R. § 3.12(d)(1).

It is not disputed here that, but for one argued exception, the circumstances of his discharge barred Mr. Munoz-Perez from receiving the benefits he sought, which required qualification as a "veteran." *See* 38 U.S.C. § 101(2) (defining "veteran" as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable"); 38 C.F.R. § 3.12(a), (d)(1), (d)(4); *see also D'Amico v. West*, 209 F.3d 1322, 1326 (Fed. Cir. 2000) (explaining that a claim for veterans benefits includes establishing veteran status). The exception of relevance

here overcomes the discharge-based bar if the claimant is found to have been "insane . . . at the time of the commission of an offense leading to a person's court-martial, discharge, or resignation . . . ." 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b).

Many years after his 1972 discharge from service, Mr. Munoz-Perez applied for benefits and sought an exception to the bar on receiving benefits, contending that he was insane at the time of the commission of offenses that resulted in his discharge. In February 1998, the relevant Regional Office of the Department of Veterans Affairs rejected Mr. Munoz-Perez's contention, finding that he was sane at the time of the 1972 offenses. Appellee's App. 46. Mr. Munoz-Perez appealed the decision to the Board of Veterans' Appeals, which affirmed the Regional Office in a decision dated July 21, 2003. The Board found that "the record persuasively shows that [Mr. Munoz-Perez's] offenses during service constituted willful and persistent misconduct and that he was not insane at the time the offenses occurred" and, therefore, the "character of [his] discharge from service is a bar to payment of VA compensation benefits." *Id.* at 43–44. Mr. Munoz-Perez did not appeal that decision.

On October 6, 2006, Mr. Munoz-Perez requested that the Regional Office reconsider the determination as to his sanity at the relevant time in 1972. *Id.* at 35. He included a medical document in which Dr. J.A. Juarbe opined, as later described by the Board, that it is "beyond any reasonable doubt" that symptoms of Mr. Munoz-Perez's depression were evident since his military service. *Id.* at 17. On October 31, 2006, the Regional Office denied Mr. Munoz-Perez's request. *Id.* at 33–34. He appealed, and on September 9, 2008, the Board held that it would not reopen the discharge determination request because Mr. Munoz-Perez had not furnished new and material evidence on the issue of whether his discharge was still a bar to the granting of benefits. *Id.* at 22–26. Dr. Juarbe's

submission, the Board found, was new but not material evidence. *Id.* at 25. Mr. Munoz-Perez did not appeal that decision.

Mr. Munoz-Perez later submitted two motions to the Board seeking to reopen the July 21, 2003 Board decision and the September 9, 2008 Board decision on the basis of alleged clear and unmistakable error. On November 17, 2015, the Board denied both motions. *Id.* at 8–17.

On appeal to the United States Court of Appeals for Veterans Claims, Mr. Munoz-Perez unsuccessfully challenged "the Board's findings that neither the July 2003 nor the September 2008 Board decisions were the product of" clear and unmistakable error, "assert[ing] that these decisions were in error because the evidence supports his allegation that he was insane at the time he committed the acts that led to his discharge from service." *Munoz-Perez v. McDonald*, No. 15-4507, 2016 WL 6408039, at *3 (Vet. App. Oct. 31, 2016). The Veterans Court explained, regarding the 2003 Board decision, that Mr. Munoz-Perez merely "disagree[d] with the weighing and evaluating of the evidence [regarding his psychiatric condition]" in the Board's 2003 decision and, regarding the 2008 Board decision, that Dr. Juarbe's submission of information concerned only Mr. Munoz-Perez's psychiatric diagnosis *after* his 1972 active service and was thus not material to whether Mr. Munoz-Perez was insane during the time of his active duty. *Id.* at *4–5. Reasoning that the Board's determination on the existence of clear and unmistakable error was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," the Veterans Court affirmed. *Id.*

Mr. Munoz-Perez appeals.

## II

Our jurisdiction to review a Veterans Court decision is narrow. Under 38 U.S.C. § 7292(d), we have jurisdic-

tion to "decide all relevant questions of law," but, in a case like this one, where no constitutional issue is presented, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(1)–(2); *see, e.g., Aldridge v. McDonald*, 837 F.3d 1261, 1264 (Fed. Cir. 2016) (limitations are jurisdictional); *Cook v. Principi*, 353 F.3d 937, 937–38 (Fed. Cir. 2003) (same).

On appeal, Mr. Munoz-Perez asks us to "grant [his] claim for [service connection] for mental disorder which began in military service." Appellant's Informal Br. 2. This challenge, however, involves only the review of factual issues and the application of law to the factual issues; there is no legal question present here. We lack jurisdiction to review the Veterans Court's fact-specific determinations regarding the Board's findings and the evidence concerning Mr. Munoz-Perez's sanity at the time of the 1972 offenses. Mr. Munoz-Perez has not identified any alleged error of law committed by the Veterans Court.

Although we may review factual determinations or applications of law to fact where a case presents a constitutional issue, Mr. Munoz-Perez has not meaningfully identified such an issue. He has not pointed to lack of notice or an opportunity to be heard, so his invocation of "due process" is nothing but "put[ting] a 'due process' label on his contention" about his evidence, making his claim "constitutional in name only." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Although Mr. Munoz-Perez seems to invoke equal protection, that label too is just a repetition of his contention that he was "sick in military service" (and so should have been treated like others who become sick during military service). *See* Appellant's Informal Br. 1 ("[Q:] Did the Court of Appeals for Veterans Claims decide constitutional issues? . . . [A:] [T]he right to be treated equally to other . . . veteran[s] that get sick in military service and [are] denied [their]

benefits.").  He offers no meaningful basis for any suggestion that he was treated worse than others similarly situated, *i.e.*, claimants invoking the insanity exception at issue here as to whom the evidence regarding sanity is comparable to the evidence in his case.

## III

Because Mr. Munoz-Perez presents only challenges that fall outside our jurisdiction, we dismiss for lack of jurisdiction.

No costs.

**DISMISSED**