# United States Court of Appeals for the Federal Circuit

_____

**KRISTOPHER CRANFORD,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1973

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6580, Judge Joseph L. Falvey, Jr.

_____

Decided: December 19, 2022

_____

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

KYLE SHANE BECKRICH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; EVAN SCOTT GRANT, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HUGHES.

Concurring Opinion filed by *Circuit Judge* REYNA.

HUGHES, *Circuit Judge*.

Kristopher Cranford appeals a decision by the United States Court of Appeals for Veterans Claims affirming the denial of his request for benefits. Because Mr. Cranford is not a "veteran" entitled to receive benefits under 38 U.S.C. § 101(2), we affirm.

I

Mr. Cranford is a former service member for the United States Army. In 2011, while on active duty, he was charged with possession and use of Spice, an unregulated intoxicant, in violation of a lawful general order. Captain Lucas Lease recommended that Mr. Cranford be tried by general court-martial and forwarded the charges to Lieutenant Colonel (LTC) Erick Sweet. *Cranford v. McDonough*, No. 19-6580, 2021 WL 787510, at *1 (Vet. App. Mar. 2, 2021). LTC Sweet received the charges and recommended that a pretrial investigating officer be appointed. *Id.*

In response, Mr. Cranford submitted a request to be discharged in lieu of trial by court-martial. *Id.* In that document, Mr. Cranford stated that he "underst[oo]d that [he] may request discharge in lieu of trial by court-martial because . . . [the] charges . . . against [him] under the Uniform Code of Military Justice [(UCMJ)] . . . authorize the imposition of a bad conduct or dishonorable discharge." *Id.* (final alteration in original). Mr. Cranford further admitted guilt for at least one of the charges and acknowledged that, by accepting a discharge in lieu of trial by general court-martial, he would instead qualify for an "other than honorable" (OTH) discharge, potentially barring him from receiving benefits. *Id.*

Captain Lease and LTC Sweet recommended that Mr. Cranford's request for discharge be approved. *Id.* at *2. The general court-martial convening authority agreed and ordered that Mr. Cranford receive an OTH discharge in lieu of trial. *Id.* Mr. Cranford was then separated from service.

Mr. Cranford later filed a request for benefits with a Veterans Affairs (VA) regional office. The regional office denied that request on the grounds that Mr. Cranford's discharge status barred him from receiving benefits. *Cranford*, 2021 WL 787510, at *2. Mr. Cranford then filed a Notice of Disagreement, to which the VA responded with a Statement of the Case affirming its prior determination. *Id.*

Mr. Cranford appealed the VA's decision to the Board of Veterans' Appeals. *Id.* The Board affirmed the denial of benefits based on Mr. Cranford's OTH discharge, reasoning that Mr. Cranford had requested the OTH discharge to escape trial by general court-martial. Applying 38 C.F.R. § 3.12(d)(1), the Board concluded that Mr. Cranford had been discharged under dishonorable conditions and was thus ineligible for benefits as a non-veteran under 38 U.S.C. § 101(2).

Mr. Cranford appealed the Board's decision to the Veterans Court, arguing that (1) the Board mischaracterized his discharge as being "in lieu of a *general* court-martial," instead of a summary court-martial, *Cranford*, 2021 WL 787510, at *2 (emphasis added), and (2) § 3.12(d)(1) did not apply to him because he had accepted an OTH discharge, not an "undesirable discharge," *id.*

The Veterans Court rejected both arguments, reasoning that (1) Mr. Cranford had been referred for a general court-martial, since he had acknowledged as much in his request for discharge, *id.* at *2–3, and (2) an OTH discharge accepted in lieu of a general court-martial is equivalent to an undesirable discharge—despite the military service departments' shift in terminology, *id.* at *3–4

Mr. Cranford appeals. We have jurisdiction under 38 U.S.C. § 7292.

## II

At issue in this appeal is whether the service departments' shift in terminology from "undesirable" to "OTH" discharge affects Mr. Cranford's eligibility for benefits under 38 C.F.R. § 3.12(d)(1).[1] Under 38 U.S.C. § 7292(a), we have jurisdiction to review the Veterans Court's interpretation of that regulation. We review questions of statutory and regulatory interpretation de novo. *Martinez-Bodon v. McDonough*, 28 F.4th 1241, 1243 (Fed. Cir. 2022).

## A

38 U.S.C. § 101(2) defines a veteran as a "person who served . . . and who was discharged or released therefrom under conditions other than dishonorable." The Secretary of the VA has the "authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the department and are consistent with those laws." 38 U.S.C. § 501(a). The nature of this rulemaking authority is "broad." *Snyder v. McDonough*, 1 F.4th 996, 1003 (Fed. Cir. 2021). Apart from certain statutory bars, the Secretary has discretion to define what conditions fall outside "conditions other than dishonorable," and thus bar a former service member from receiving benefits. *Garvey v. Wilkie*, 972 F.3d 1333, 1340 (Fed. Cir. 2020) (holding that "the VA has authority to define the term ['conditions other than dishonorable'] consistent with Congressional purpose.").

In promulgating 38 C.F.R. § 3.12(d), the Secretary of the VA used this broad rulemaking authority to define

---

[1]    Mr. Cranford did not appeal the Veterans' Court's determination that he was facing a *general* court-martial when he accepted discharge.

which discharges are issued under dishonorable conditions. *See* Character of Discharge, 41 Fed. Reg. 12,656 (Mar. 26, 1976) ("The Veterans Administration is charged with the responsibility of determining whether such discharges were granted under conditions other than dishonorable. The provisions of § 3.12(d) were established for the purpose of making such determinations."). Under § 3.12(d)(1), one discharge issued under dishonorable conditions is "[a]cceptance of an undesirable discharge to escape trial by general court-martial." 28 Fed. Reg. 123 (Jan. 4, 1963). The VA has understood § 3.12(d)(1) to bar service members who accepted discharges to avoid general court-martial from accessing benefits because such discharges are considered "dishonorable" and disqualify those individuals from the definition of "veteran" in 38 U.S.C. § 101(2). *See* Veterans Benefits: Character of Discharge, 40 Fed. Reg. 56,936–37 (Dec. 5, 1975) (currently codified as 38 C.F.R. § 3.12) (discussing the relationship between § 3.12 and the legislative bars to benefits, including 38 U.S.C. § 101(2)).

At the time § 3.12(d)(1) was implemented, the service departments used five terms to describe categories of discharge, including "undesirable discharge." 41 Fed. Reg. 12,656; Major Bradley K. Jones, *The Gravity of Administrative Discharges: A Legal and Empirical Evaluation*, 59 MIL. L. REV. 1, 3 (1973) (citing Army Reg. No. 635-200, para. 1–5 (July 15, 1966)). In 1977, after the Vietnam War, the service departments stopped using the term "undesirable" to describe such discharges, opting instead to use the "OTH" descriptor to refer to the same class of individuals. Update and Clarify Regulatory Bars to Benefits Based on Character of Discharge, 85 Fed. Reg. 41,474 (proposed July 10, 2020).

The VA did not update § 3.12(d)(1) at the time the service departments shifted terminology, and the regulation continues to use the old term. In 2020, the VA proposed to clarify § 3.12(d)(1) by replacing "undesirable discharge"

with "other than honorable discharge or its equivalent." 85 Fed. Reg. 41,474–75. The stated purpose of this update was to "conform" to the current terminology used by the service departments. *Id.* at 41,474. The VA has not yet implemented its proposal.

## B

The only question before us is one of interpretation: whether those who accept an OTH discharge in lieu of trial by general court-martial are barred from receiving VA benefits based on the meaning of "undesirable discharge" in § 3.12(d)(1).[2, 3] When interpreting a regulation, we start by exhausting all traditional tools of interpretation to determine whether the plain meaning of the regulation can be

---

[2]    The concurrence would have us decide this case based on waiver alone. Concurring Op., 5–6. But we decline to do so here. The Veterans Court did not rely on waiver as a legal basis for its determination, and therefore, we lack jurisdiction to consider that issue. 38 U.S.C. § 7292(a) (providing jurisdiction to review the Veterans Court's decision "on a rule of law or of any statute or regulation . . . *that was relied on* by the Court in making the decision" (emphasis added)); *see also, e.g.*, *Carr v. Wilkie*, 961 F.3d 1168, 1176–77 (Fed. Cir. 2020) (declining to consider an issue that was not relied upon by the Veterans Court). In any case, the acknowledgment Mr. Cranford made when accepting his request for discharge was that "he understood that if his request for discharge was accepted, he *might* be discharged under conditions other than honorable and that, as a result, he *might* be ineligible for VA benefits." *Cranford*, 2021 WL 787510, at *1 (emphasis added). We do not view this as an unequivocal waiver of benefits.

[3]    Moreover, it is not for this court to decide, as a matter of policy, whether veterans who accept an OTH discharge in lieu of general court-martial *should* receive VA benefits. That is a responsibility for Congress and the VA.

discerned or whether it is truly ambiguous. *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). Here, because we determine that the regulation is unambiguous on its face, we need not address any non-textual canons of interpretation. *Id.* at 2415.

That § 3.12(d)(1) applies to Mr. Cranford is clear "from the text, structure, history, and purpose" of § 3.12(d)(1). *Id.* The VA's usage of the term "undesirable discharge" has not been rendered ambiguous or as having any interpretative doubt simply because the service departments have updated their terminology. *See id.*

First, the VA's recent proposed clarification of § 3.12(d)(1) confirms that "undesirable discharge" is unambiguous. 85 Fed. Reg. 41,474 (proposed July 10, 2020). Along with proposed substantive amendments to § 3.12, the VA's proposal recognizes that "undesirable discharge" and "OTH discharge" have been understood as equivalents for over four decades. *Id.* (finding that replacing the term "undesirable discharge" with "a discharge under other than honorable conditions or its equivalent" will simply "conform to the terminology that has been used since 1977."). More than 70 comments were filed in response to the VA's notice of proposal. 86 Fed. Reg. 50,513 (Sept. 9, 2021). These comments did not protest that changing "undesirable" to "OTH" would somehow change the class of individuals to which it referred. To the contrary, while the commenters' substantive objections varied, the comments reflected a general understanding that an OTH discharge is equivalent to an undesirable discharge. In other words, the definition of "undesirable discharge" was clear; the issue debated was whether those who fall within that definition should be barred from receiving VA benefits.

Second, the history of the term "undesirable discharge" further supports that the term is unambiguous. Although the VA determines whether a discharge bars an individual from receiving benefits, it is the service departments—not

the VA—that provide the terms used for discharges. *See* 41 Fed. Reg. 12,655–56 (Mar. 26, 1976) (acknowledging that the service departments are responsible for making the discharge determinations, and the VA is only responsible for deciding whether the given discharge disqualifies them from receiving benefits). Section 3.12(d)(1) was introduced at a time the service departments were still using the term "undesirable discharge" to describe a particular class of individuals. *See, e.g.*, 32 C.F.R. § 41.6(c) (1961); 32 C.F.R. § 41.3(n) (1967). At that time, the service departments defined "undesirable discharge" as "separation from the service 'Under Conditions Other than Honorable.'" 32 C.F.R. § 41.6(c) (1961); *see also* 32 C.F.R. § 41.3(n) (1967) (defining the term as "[s]eparation from an Armed Force under conditions other than honorable"). It was in this context that the VA chose to use this same term in § 3.12(d)(1). In doing so, the VA understood "undesirable discharge" to describe the same class of individuals designated as "undesirable" by the service departments. *See* 41 Fed. Reg. 12,655–56.

When the service departments transitioned from the term "undesirable discharge" to "OTH discharge" in the 1970's, they did not change the class of individuals to which the terms refer. *Compare* 32 C.F.R. § 41.3(n) (1975) (defining "Undesirable Discharge" as "[s]eparation from an Armed Force under conditions other than honorable"), *with* 32 C.F.R. § 41(l) (1977) ("The three characterizations are: (1) Honorable, (2) Under Honorable Conditions (General Discharge), and (3) Under Other Than Honorable Conditions (Undesirable Discharge)."). *See also, e.g.*, 32 C.F.R. § 70.9(b)(4)(i) ("An Other than Honorable (formerly undesirable) Discharge . . ."). The only change was the *term* the service departments used to refer to that class of individuals. The class of individuals itself remained the same, as did the meaning of "undesirable discharge" in § 3.12(d)(1).

Accordingly, all the available evidence points to the same unambiguous reading of § 3.12(d)(1): Mr. Cranford's OTH discharge in lieu of trial by court-martial falls within

the meaning of and is equivalent to an undesirable discharge.

## III

We have considered Mr. Cranford's remaining arguments and find them unpersuasive. Because the plain meaning of § 3.12(d)(1), as implemented by the VA, has not changed, we affirm the Veterans Court's decision to deny Mr. Cranford benefits.

## **AFFIRMED**

### COSTS

No costs.

# United States Court of Appeals
# for the Federal Circuit

---

**KRISTOPHER CRANFORD,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2021-1973

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6580, Judge Joseph L. Falvey, Jr.

---

REYNA, *Circuit Judge,* concurring.

The majority affirms a decision by the U.S. Court of Appeals for Veterans Claims affirming the denial of Cranford's request for veterans' benefits. For the following reasons, I concur only in the result reached.

I

The Secretary has broad authority to prescribe rules and regulations that are necessary or appropriate to carry out the laws administered by the Department of Veterans Affairs ("VA"). *See Snyder v. McDonough*, 1 F.4th 996, 1003 (Fed. Cir. 2021); 38 U.S.C. § 501(a). Accordingly, the Secretary has the authority to determine the conditions

under which individuals, other than those who receive dishonorable discharges, might be precluded from receiving veterans' benefits. *See Camarena v. Brown*, 6 Vet. App. 565, 567 (1994), *aff'd*, 60 F.3d 843 (Fed. Cir. 1995).

The issue presented in this appeal is whether the VA can deny benefits under 38 C.F.R. § 3.12(d)(1) where the servicemember receives a "discharge under other than honorable conditions" ("OTH discharge") in lieu of a trial by general court-martial. Under that regulation, a servicemember's "[a]cceptance of an *undesirable discharge* to escape trial by general court-martial" is considered a dishonorable discharge, which thereby constitutes a bar to benefits. 38 C.F.R. § 3.12(d)(1) (emphasis added); *see* 38 U.S.C. § 101(2).

In the 1960s, a servicemember separating from service could be discharged under one of five discharge characterizations: honorable, general, undesirable, bad conduct, or dishonorable. J.A. 37. A servicemember facing trial by general court-martial could request a punitive administrative discharge (then-characterized as an undesirable discharge) as a plea bargain to avoid trial and the potential consequences of trial. *See id.*

This process of issuing punitive administrative discharges in lieu of trial by court-martial perpetuated the wrongful discrimination of minority servicemembers upon their return to civilian life. *See* General Accounting Office, FPCD-80-13, *Military Discharge Policies and Practices Result in Wide Disparities: Congressional Review Is Needed*, at 71 (1980) ("Those most frequently given less than honorable discharges [we]re the less educated and minorities, who are already at a competitive disadvantage in the labor market."). For example, servicemembers might have been fooled into requesting a quick discharge to skip trial when the punitive consequences would be more severe than what would have otherwise been imposed by a military court. *See id.* at 68 ("In most cases a discharge in lieu of court-

martial is not a bargain for the accused in the long run. . . . [M]ilitary courts were far more hesitant to impose a sentence which included a punitive discharge than were discharge authorities to approve discharges in lieu of court-martial. . . . [W]e question whether they understand its potential long-term consequences.").

In 1976, amidst growing awareness of the harms caused by discriminatory discharge practices, the Department of Defense ("DoD") directed the service branches to cease issuing the "undesirable" discharge characterization altogether. *See id.* at 92. The military complied with the directive, but it has continued to issue punitive administrative discharges in lieu of trial by court-martial, and it has characterized those discharges as being issued "under other than honorable conditions." *See id.*; *Cranford v. McDonough*, No. 19-6580, 2021 WL 787510, at *3–4 (Vet. App. Mar. 2, 2021).

Despite the change in DoD discharge policy, § 3.12(d)(1) was not amended to reflect the DoD directive. As a result, the regulation still employs the old characterization term, "undesirable discharge," instead of "discharge under other than honorable conditions." *See* 38 C.F.R. § 3.12(d)(1). Based on this agency practice and Cranford's acceptance of an OTH discharge in lieu of trial by court-martial, the VA denied Cranford benefits under § 3.12(d)(1), and the Board of Veterans' Appeals ("Board") and U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirmed. *See Cranford*, 2021 WL 787510, at *3–4.

On appeal, Cranford's sole argument is that the Board and Veterans Court violated the plain language of § 3.12(d)(1) by barring him from receiving benefits as a result of his acceptance of an OTH discharge in lieu of trial by general court-martial. Cranford insists that § 3.12(d)(1) applies only to discharges characterized as "undesirable," which his was not. *See* Appellant's Br. 6–12.

4                                    CRANFORD v. MCDONOUGH

II

I begin my review of § 3.12(d)(1) with the plain lan-
guage of the regulation and the common meaning of the
terms.  *See Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1316
(Fed. Cir. 2017) (en banc).  Section 3.12(d)(1) provides that
a discharge is considered to be issued under dishonorable
conditions if it results from "acceptance of an undesirable
discharge to escape trial by general court-martial."  *See
also* 38 C.F.R. § 3.12(a) (providing that benefits are "not
payable unless the period of service on which the claim is
based was terminated by discharge or release under condi-
tions other than dishonorable").

The Veterans Court determined that the purpose of
§ 3.12(d)(1) is to preclude benefits for those who accept any
punitive administrative discharge in lieu of a trial by gen-
eral court-martial.  Therefore, according to the Veterans
Court, the operative trigger of § 3.12(d)(1) depends only on
the basis for discharge (in lieu of trial by general court-
martial), not the servicemember's characterization of ser-
vice.  *See Cranford*, 2021 WL 787510, at *3.

Neither the parties nor the Veterans Court have cited
any legal authority demonstrating why that must be the
case.  Cranford only maintains that § 3.12(d)(1) does not
apply to him because the military began using the term
"other than honorable" in place of "undesirable" when issu-
ing administrative discharges in lieu of court-martial, and
the Secretary failed to timely update the language of the
regulation.  *See* Appellant's Br. 5–6; Oral Arg. 10:30–35
("[Q:] You're just making a technical argument, right?
They changed the name, so it no longer applies?  [A:] That's
correct, your Honor . . . .").  And the Secretary only recites
the Veterans Court's conclusions without explaining *why*
the sole criterion for applying § 3.12(d)(1) should be the ba-
sis for discharge.  *See* Appellee's Br. 6–7.  In addition, the
mere fact that the basis of discharge is distinguishable
from the characterization of service does not explain why

one criterion ought to be ignored for the other when both are expressed in § 3.12(d)(1).

The majority fails to resolve these issues. The majority first explains that "the VA's recent proposed clarification of § 3.12(d)(1) confirms that 'undesirable discharge' is unambiguous." Op. 7. But the fact that the proposal is still pending, and necessary in the first place, indicates that § 3.12(d)(1) may not be unambiguous. Next, the majority reviews the regulatory history, Op. 7–8, but I do not think the history is clear enough on the current record to resolve the dispute.

Further, the majority engages in interpretation, with the result of deciding policy concerning the scope of veterans' benefits, when it is unnecessary to do so. *See Guillory v. Shinseki*, 669 F.3d 1314, 1319 (Fed. Cir. 2012) (declining to interpret a regulation where it was unnecessary to resolve the appeal); *see also Viale v. Wilkie*, 747 F. App'x 843, 845 n. 1 (Fed. Cir. 2018). I find this particularly concerning because the majority opinion results in a regulatory interpretation that precludes a veteran from receiving benefits, but the majority never mentions the pro-veteran canon. *See Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("[I]nterpretive doubt is to be resolved in the veteran's favor."); *see also Hudgens v. McDonald*, 823 F.3d 630, 639 (Fed. Cir. 2016).

Interpreting § 3.12(d)(1) is unnecessary here because Cranford does not dispute that he received notice of, and recognized, the consequences of his requested plea bargain—namely, an OTH discharge and a bar to veterans' benefits. *See* Appellant's Br. (raising no argument that notice was inadequate); Oral Arg. 3:24–42 (acknowledging that Cranford received notice his request for discharge could result in a bar to benefits and that the issue of notice was not asserted on appeal). Nor does Cranford argue or demonstrate that he was forced into making a hasty or ill-informed decision. What Cranford ultimately seeks to

obtain through this action is access to benefits that the record demonstrates he voluntarily relinquished.  He cannot escape the fact that in 2011, he requested a plea bargain discharge to avoid trial by court-martial, and he acknowledged that acceptance of his request meant relinquishing future entitlement to veterans' benefits.  *See Cranford*, 2021 WL 787510, at \*1; *see also generally Munoz-Perez v. Shulkin*, 688 F. App'x 930 (Fed. Cir. 2017) (dismissing an appeal of a denial of benefits under § 3.12(d)(1), based on an OTH discharge in lieu of trial by general court-martial, where the appellant failed to identify a due process issue by pointing to lack of notice or an opportunity to be heard).  On this record, I cannot say that the Veterans Court erred in affirming the Board's decision to deny Cranford benefits as a result of that plea bargain.

Thus, while I agree with the majority's ultimate conclusion, I do not believe is it necessary, or prudent on this record, to resolve whether § 3.12(d)(1) applies to an OTH discharge.  I would instead find that the VA properly denied benefits to Cranford under the terms of the plea bargain, in which he accepted the potential loss of benefits and a discharge under other than honorable conditions in lieu of trial by court-martial.